**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LARRY JAMES**                                                               **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO.: 4:07-CV-208-SA-DAS**

**CIRCUS CIRCUS MISSISSIPPI, INC.**
**Doing Business as Gold Strike Casino Resort**                     **DEFENDANT**

## ORDER

Before the Court is the Defendant's Motion to Dismiss for Want of Prosecution [19]. For the reasons stated below, the motion is denied.

The Court granted Plaintiff's counsel's motion to withdraw on August 29, 2008 and stayed these proceedings until October 27, 2008, to allow Plaintiff opportunity to employ new counsel or notify the Court in writing of his decision to proceed *pro se*. The Court warned the Plaintiff that should he fail to comply with the Court's order, his case could be dismissed for failure to prosecute. [15]

Plaintiff did not notify the Court by October 27, 2008, and Defendant filed a Motion to Dismiss for Failure to Prosecute on October 31, 2008 [19]. On November 19, 2008, Magistrate Judge Sanders entered his recommendation that the motion to dismiss be granted and notified the Plaintiff that he had ten days to object to the report and recommendations [20].

On December 2, 2008, the Court received a letter from Plaintiff dated November 22, 2008, objecting to the report and recommendations [26]. Plaintiff claimed that, on November 4, 2008, he spoke with someone in the Clerk's office over the phone who told him it had been noted on the docket that he would represent himself. Plaintiff stated, in his letter, that the same person told him that there was nothing further required of him.

The Defendant's motion to dismiss for failure to prosecute is denied because the Plaintiff objected to the Court's report and recommendations and ultimately notified the Court that he wished to proceed *pro se*. Also, the Court will not adopt the Magistrate Judge's recommendation because it was entered prior to the Court's receipt of Plaintiff's objection, which was dated within the acceptable time period.

However, the Court also reminds the Plaintiff of his responsibility to pursue his case within the procedural Rules of this Court and to comply with the orders of this Court. Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). The Court has the authority to dismiss a plaintiff's case for his or her failure to comply with procedural rules or orders of the Court. The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). This "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of this Court. Id. at 629-30.

In the future, the Court expects Plaintiff to comply with deadlines set by order of this Court or by the procedural Rules that govern how this Court operates. Further, the Court expects the Plaintiff to comply with the orders of this Court in the manner that the Court orders; for example, if an order states that notice is to be given in writing, Plaintiff shall give notice in writing. *Pro se*

litigants "must still reasonably comply with procedural rules." Grant v. Cuellar, 59 F.3d 524 (5th Cir. 1995). The Federal Rules of Civil Procedure and this Court's Local Rules are available through this Court's website.[1]

The Defendant's Motion to Dismiss is **DENIED**.

**SO ORDERED** this the 13th day of February, 2009.

                                                    **/s/ Sharion Aycock**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[1] This Court's website is: http://www.msnd.uscourts.gov.